UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

CASE NO. 0:22-cv-60491-WPD

DIVEWORX, INC., a Florida Corporation,

    Plaintiff,

vs.

M/Y EMPIRE, HER ENGINES, FREIGHTS, APPAREL, APPURTENANCES, TACKLE, ETC., *IN REM;* KYLE JAWAN MOODY; LAND & SEA ENTERPRISES OF SOUTH FLORIDA, INC.; AND IEESH ELKOBI, *IN PERSONAM,*

    Defendants.
_____/

## MOTION FOR DEFAULT JUDGMENT
## AS TO DEFENDANT, KYLE JAWAN MOODY

COMES NOW Plaintiff, DIVEWORX, INC., by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, including Rule 55 and this Court's Order (DE 30) dated June 17, 2022, hereby files its Motion for Default Judgment as to Defendant, Kyle Jawan Moody ("Defendant Moody"), and in support states:

1.    On or about March 4, 2022, the Verified Complaint in this matter was filed (DE 1). Plaintiff alleges causes of action against Defendant Moody for negligence (DE 1 at Count II) and vicarious liability (DE 1 at Count V).

2.    Plaintiff attempted to serve Defendant Moody at various addresses in Florida at the address listed on the Bill of Sale attached to the Complaint (DE 1-1) and Louisiana from a "skip trace" but was unsuccessful. (*See*, Returns of Service at DE 11 and DE 12). An alternative address was then located for Defendant Moody from his address as the registered agent of Empire Luxury

Diveworx, Inc. v. M/Y Empire, et al.
Case No. 0:22-cv-60491-WPD
Motion for Default Judgment as to Defendant,
Kyle Jawan Moody

Transportation, LLC. Defendant Moody initially evaded service from Plaintiff's process server but was finally personally served on May 7, 2022 (DE 16).  A copy of the Return of Service was filed with the Court (DE 16). Therefore, Defendant Moody was properly served in this matter. *Nelson v. Atlas Apartment Homes*, No. 6:20-cv-879-Orl-78LRH, 2020 U.S. Dist. LEXIS 257164 (M.D. Fla. Aug. 10, 2020)(motions for default judgment "must demonstrate that Defendant was properly served").

3. Defendant Moody's response to the Verified Complaint was due on or before May 31, 2022.

4. Defendant Moody failed to plead or otherwise defend this matter.

5. On or about June 6, 2022, Plaintiff moved for a Clerk's Default (DE 20).

6. On or about June 6, 2022, a Clerk's Default was entered against Defendant Moody (DE 21).

7. Defendant Moody is not a minor as he was born in 1974 based on information available from Lexis. *See*, Declaration of Lindsey C. Brock III, attached as Exhibit 2. Plaintiff has not received any information to otherwise indicate that Defendant Moody is an incompetent person.

8. Defendant Moody is not in the military based upon a status report obtained from the Servicemembers Civil Relief Act (SCRA) website on June 20, 2022. *See*, Non-Military Affidavit attached as Exhibit 3, and Return of Service on Defendant Moody which stated: "Based upon inquiry of party served, Defendant is not in the military service of the United States of America." (DE 16).

9. For purposes of this Motion for Default Judgment, the well-pleaded allegations in

Diveworx, Inc. v. M/Y Empire, et al.
Case No. 0:22-cv-60491-WPD
Motion for Default Judgment as to Defendant,
Kyle Jawan Moody

the Verified Complaint are admitted by Defendant Moody. "The effect of a default judgment is that the defendant '. . . admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.' *Nishimatsu Construction Co., Ltd. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

10. As such, the following assertions in the Verified Complaint are admitted as true by Defendant Moody and supported by the Verified Complaint and/or the Declaration of Plaintiff attached hereto as Exhibit 1:

a. Defendant Moody is the owner of the M/Y EMPIRE by virtue of the title history of the M/Y EMPIRE (DE 1 at ¶8; DE 1-2 title history showing Defendant Moody as the last owner of the vessel).[1] *See*, Rule 10(c), Fed.R.Civ.P. ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). *See, also*, Declaration of Plaintiff, ¶2, attached as Exhibit 1.

b. On or about February 23, 2022, Defendant Moody, as the owner of the M/Y EMPIRE, willingly and intentionally placed the vessel in the possession, custody, and control of Defendant Elkobi as captain, master, and operator of the M/Y EMPIRE for its voyage. (DE 1 at ¶55).

c. On or about February 23, 2022, the M/Y EMPIRE was traveling east while navigating a canal between residences along NE 7th Street and NE 6th Street, Pompano Beach, FL, off the western side of the Intracoastal Waterway, when it

---

[1] There is an unrecorded Bill of Sale (DE 1-1) which purportedly transferred ownership of the M/Y EMPIRE to Defendant Land & Sea Enterprises of South Florida, Inc. Defendant Land & Sea Enterprises of South Florida, Inc. denied ownership of the M/Y EMPIRE (DE 15 at ¶3).

Diveworx, Inc. v. M/Y Empire, et al.
Case No. 0:22-cv-60491-WPD
Motion for Default Judgment as to Defendant,
Kyle Jawan Moody

negligently struck the Plaintiff's boatlift causing permanent structural damage to the lift, rendering it inoperable (the "Allision") (DE 1 at ¶12). *See*, Declaration of Plaintiff, ¶4, attached as Exhibit 1.

d. At the time of the Allision, the M/Y EMPIRE was being operated/captained by Defendant Elkobi upon the navigable waters of the United States in Broward County, Florida, with the full permission and consent of Defendant Moody. (DE 1 at ¶13; DE 15 at ¶13 ("Admitted that Elkobi was the operator of the referenced vessel in his capacity as an employee of Land & Sea.")). *See*, Declaration of Plaintiff, ¶6, attached as Exhibit 1.

e. At the time of the Allision, Plaintiff's boatlift was stationary and was legally and properly located on the bulkhead of the subject property. (DE 1 at ¶14). *See*, Declaration of Plaintiff, ¶7, attached as Exhibit 1.

f. At all times material hereto, Defendant Moody was the owner, manager, and/or operator of the M/Y EMPIRE that owed Plaintiff a duty to exercise reasonable care, caution, management, and maritime skill in the operation of the M/Y EMPIRE and to know all conditions essential to the safe accomplishment of its voyage and to make a reasonable inspection of the M/Y EMPIRE before undertaking the voyage. (DE 1 at ¶27).

g. At all material times Defendant Moody owed a duty of reasonable care to the Plaintiff in the control, operation, and management of the M/Y EMPIRE so as to not cause any losses or damages while said vessel was underway. (DE 1 at ¶56).

h. At all material times Defendant Moody knew or should have known that the M/Y

Diveworx, Inc. v. M/Y Empire, et al.
Case No. 0:22-cv-60491-WPD
Motion for Default Judgment as to Defendant,
Kyle Jawan Moody

   EMPIRE was not properly captained, crewed, operated, or maintained and was not seaworthy on February 23, 2022. (DE 1 at ¶57).

i.  At all material times Defendant knew or should have known that Defendant Elkobi, as the captain, master, and operator of the M/Y EMPIRE, did not have the requisite training, knowledge, and experience to operate the vessel, which was not seaworthy on February 23, 2022. (DE 1 at ¶58).

j.  Defendant Moody, as the owner, manager and/or operator of a vessel under power that allides with a stationary object, is presumed to be at fault for the allision and resulting damage. *The Oregon*, 158 U.S. 186 (1895). At the time of the incident, Plaintiff's boatlift was a stationary object as contemplated by *The Oregon*. (DE 1 at ¶28).

k.  An owner, manager, and/or operator of a vessel that breaches a statute or regulation designed to prevent a maritime casualty at the time the casualty occurs is presumed liable for the casualty. *The Pennsylvania*, 86 U.S. 125, 136 (1873). (DE 1 at ¶29).

l.  At the time the Verified Complaint was filed, Plaintiff suffered direct damages in the amount of $29,616.00 for the removal and replacement of the boatlift on the Subject Property and indirect damages of $5,884.25 for the necessary bottom paint upon Diveworx, Inc.'s vessel that will need to be kept in the water during the work to replace the boatlift. DE 1 at ¶15). *See*, Declaration of Plaintiff, ¶8, attached as Exhibit 1.

m.  Since the Verified Complaint was filed, Plaintiff obtained updated estimates which update Diveworx, Inc.'s damages, not including costs and prejudgment interest,

Diveworx, Inc. v. M/Y Empire, et al.
Case No. 0:22-cv-60491-WPD
Motion for Default Judgment as to Defendant,
Kyle Jawan Moody

from $35,500.25 to $36,245.88. Plaintiff's damages are calculated below:

| | |
|---|---|
| Bottom Paint | $5,129.88 |
| New Lift | $22,616.00 |
| Installation of New Lift | $4,000.00 |
| Removal of Damaged Lift | $3,000.00 |
| Electrical | $1,500.00 |
| **Total:** | **$36,245.88** |

*See*, Declaration of Plaintiff, ¶9, attached as Exhibit 1.

n. Plaintiff's prejudgment interest on the principal amount of $36,245.88 from February 23, 2022 to June 24, 2022 is $502.23. *See*, Plaintiff's Declaration, ¶10, attached as Exhibit 1.

o. Plaintiff has a preferred maritime lien as defined under 46 U.S.C. §31301(5)(A) and under the general maritime law against M/Y EMPIRE for the maritime tort damages as a result of the allision. (DE 1 at ¶15). *See*, Declaration of Plaintiff, ¶11, attached as Exhibit 1.

11. Plaintiff has incurred costs in the amount of $1,062 for its filing fee and service of process fees to serve Defendant Moody. *See*, Declaration of Lindsey C. Brock III, Esq., attached as Exhibit 2.

12. Plaintiff is entitled to default judgment in its favor and against Defendant Moody in the sum of $36,245.88 plus costs of $1,062.00 and prejudgment interest in the amount of $502.23, for a total of $37,810.11. *See*, Plaintiff's Declaration attached as Exhibit 1, and Declaration of Lindsey C. Brock III, Esq., attached as Exhibit 2, for verification of amounts due. Post-judgment interest should accrue at an annual rate of 4.25%, or at a daily rate of .0116438% (.000116438), as set by the Florida Department of Financial Services, which equals $4.40 per diem.

Diveworx, Inc. v. M/Y Empire, et al.
Case No. 0:22-cv-60491-WPD
Motion for Default Judgment as to Defendant,
Kyle Jawan Moody

## **MEMORANDUM OF LAW**

The Court has jurisdiction over this claim as it occurred on navigable water and is connected to maritime activity. "A district court has jurisdiction if the tort 'occurred on navigable water or . . . [occurred] on land [but] was caused by a vessel on navigable water,' and if the tort 'ha[d] sufficient connection with maritime activity.' *Alderman v. Pac. N. Victor, Inc.*, 95 F.3d 1061, 1064 (11th Cir. 1996) (quoting *Jerome B. Grubart Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534, 115 S. Ct. 1043, 130 L. Ed. 2d 1024 (1995))." *Minott v. M/Y Brunello*, 891 F.3d 1277, 1282 (11th Cir. 2018).

The Court has jurisdiction over Defendant Moody because he is a resident of the State of Florida on the basis that his address is in the State of Florida (based on the signed and notarized Bill of Sale attached as Exhibit 1 to the Complaint (DE 1-1)) and he was served in the State of Florida at his new Florida address (DE 16). *Sea La Vie, LLC v. Fisher*, No. 3:18-CV-641-J-32PDB, 2019 U.S. Dist. LEXIS 141015, at *8 n.4 (M.D. Fla. July 26, 2019), report and recommendation adopted by *Sea La Vie, LLC v. Fisher*, No. 3:18-cv-641-J-32PDB, 2019 U.S. Dist. LEXIS 139813 (M.D. Fla. Aug. 19, 2019). Additionally, Defendant Moody was properly served with the Verified Complaint as evidenced by the Return of Service (DE 16). *Nelson v. Atlas Apartment Homes*, No. 6:20-cv-879-Orl-78LRH, 2020 U.S. Dist. LEXIS 257164 (M.D. Fla. Aug. 10, 2020)(motions for default judgment "must demonstrate that Defendant was properly served").

The standard of review for considering a motion for default judgment is to "review the sufficiency of the complaint" and "[i]f the admitted facts are sufficient to establish liability, the Court must then ascertain the appropriate amount of damages and enter final judgment in that amount. *See Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*,

Diveworx, Inc. v. M/Y Empire, et al.
Case No. 0:22-cv-60491-WPD
Motion for Default Judgment as to Defendant,
Kyle Jawan Moody

336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004)." *Moragomez v. Seasin's Llc*, No. 20-22390-Civ-SCOLA/TORRES, 2020 U.S. Dist. LEXIS 203743, at *3-4 (S.D. Fla. Oct. 30, 2020).

To establish a basis for default judgment, "Plaintiffs must support their motion for entry of a default judgment with a legal memorandum containing the elements of each claim and supporting authority that the facts pleaded in the complaint (but not the conclusions of law contained therein) are sufficient to establish each element of each claim against Defendants. *See, e.g., Brewer-Giorgio v. Bergman*, 985 F. Supp. 1478, 1481 (N.D. Ga. 1997). In addition, the memorandum should include cites to docket numbers, pages and paragraphs of the complaint, exhibits and affidavits which support Plaintiffs' contentions." *Simmons v. Morse*, No. 6:09-cv-1758-Orl-31KRS, 2010 U.S. Dist. LEXIS 154024, at *2 (M.D. Fla. Sep. 22, 2010). *See, also, Bhogte v. Phx. Mgmt. Servs.*, No. 21-cv-62564-BLOOM/Valle, 2022 U.S. Dist. LEXIS 101711 (S.D. Fla. June 6, 2022). In this matter, each of the elements of negligence and vicarious liability recited in paragraph 10 above were supported by documentation attached to the Verified Complaint, the Verified Complaint, and/or Plaintiff's Declaration attached as Exhibit 1.

Regarding the element of negligence, Defendant Moody is presumed negligent under *The Oregon*, 158 U.S. 186 (1895) because the M/Y EMPIRE allided with a non-moving boat lift. "When a moving ship strikes and damages a stationary object, it is presumed that the moving ship is at fault. *The Louisiana,* 70 (3 Wall.) U.S. 164, 173, 18 L. Ed. 85 (1866); *The Oregon*, 158 U.S. 186, 192-93, 39 L. Ed. 943, 15 S. Ct. 804 (1895); *Bunge Corp. v. M/V Furness Bridge,* 558 F.2d 790, 794-95 (5th Cir. 1977)… The presumption derives from the common-sense observation that moving vessels do not usually collide with stationary objects unless the moving vessel is mishandled in some way. *Id.* " *Bunge Corp. v. Freeport Marine Repair*, 240 F.3d 919, 923 (11th

8

Diveworx, Inc. v. M/Y Empire, et al.
Case No. 0:22-cv-60491-WPD
Motion for Default Judgment as to Defendant,
Kyle Jawan Moody

Cir. 2001)(referencing *Delta Transload, Inc. v. MV Navios Commander*, 818 F.2d 445, 449 (5th Cir. 1987)).

Also instructive is an analysis where the Court applied Inland Navigation Rules where a plaintiff failed to specifically state the Inland Navigation Rules and noted that "while the Inland Navigation Rules do not specifically mention allisions, they are still instructive for determining whether the captain of a vessel in motion has breached his duty of care in the context of an allision." *Sheree Lynn Lincoln & James Charles Reed v. Zul,* No. 2:20-cv-159-JLB-MRM, 2021 U.S. Dist. LEXIS 161771, at *14 (M.D. Fla. Aug. 5, 2021), report and recommendation adopted at *Sheree Lynn Lincoln & James Charles Reed v. Zul*, No. 2:20-cv-159-JLB-MRM, 2021 U.S. Dist. LEXIS 160589 (M.D. Fla. Aug. 25, 2021).

In its analysis, the Court went through violations of Rules 5, 6, 7, and 8 by an allision and stated: "Relevant to the instant case, Rule 5 of the Inland Navigation Rules requires every vessel to 'maintain a proper look-out by sight and hearing as well as by all available means appropriate in the prevailing circumstances and conditions so as to make a full appraisal of the situation and of the risk of collision.' 33 C.F.R. § 83.05. Rule 6 requires every vessel to 'proceed at a safe speed so that she can take proper and effective action to avoid collision and be stopped within a distance appropriate to the prevailing circumstances and conditions.' 33 C.F.R. § 83.06. Rule 7 requires every vessel to 'use all available means appropriate to the prevailing circumstances and conditions to determine if the risk of collision exists.' 33 C.F.R. § 83.07. Finally, Rule 8 requires every vessel to take '[a]ny action . . . to avoid collision . . . in accordance with [the Inland Navigation Rules].' 33 C.F.R. § 83.08." *Id*. at *15-16, report and recommendation adopted at *Sheree Lynn Lincoln & James Charles Reed v. Zul*, No. 2:20-cv-159-JLB-MRM, 2021 U.S. Dist. LEXIS 160589 (M.D.

Diveworx, Inc. v. M/Y Empire, et al.
Case No. 0:22-cv-60491-WPD
Motion for Default Judgment as to Defendant,
Kyle Jawan Moody

Fla. Aug. 25, 2021). The Court ultimately found that the plaintiff alleged elements of negligence.

Regarding the element of Defendant Moody being vicariously liable for the damages caused by the M/Y EMPIRE, case law is clear that the owner of a vessel may be held vicariously liable. "'[U]nder the general maritime law, where the relation of master and servant exists, an owner of an offending vessel committing a maritime tort is responsible, under the rule of respondeat superior, is elementary.' Workman v. City of New York, 179 U.S. 552, 565, 21 S. Ct. 212, 45 L. Ed. 314 (1900) (citation omitted). '[I]n an action at common law the shipowner is not liable for injuries inflicted exclusively by negligence of a pilot accepted by a vessel compulsorily.' Mount Wash. Tanker Co. v. Wahyuen Shipping, Inc., 833 F.2d 1541, 1542 n.3 (11th Cir. 1987) (quoting Homer Ramsdell Transp. Co. v. La Compagnie Generale Transatlantique, 182 U.S. 406, 416-17, 21 S. Ct. 831, 45 L. Ed. 1155 (1901))." *Dolphin Cove Inn v. Vessel Olymplc Javelin*, No. 3:19-cv-1018-J-34JRK, 2020 U.S. Dist. LEXIS 247310, at *16 (M.D. Fla. Dec. 22, 2020), report and recommendation adopted at *Dolphin Cove Inn v. Vessel Olympic Javelin*, No. 3:19-cv-1018-J-34JRK, 2021 U.S. Dist. LEXIS 6416 (M.D. Fla. Jan. 13, 2021).

Plaintiff is entitled to prejudgment interest. "'As a general rule, prejudgment interest should be awarded in admiralty cases—not as a penalty, but as compensation for the use of funds to which the claimant was rightfully entitled.' Noritake Co. v. M/V Hellenic Champion, 627 F.2d 724, 728 (5th Cir. 1980); see also Sunderland Marine Mut. Ins. Co. v. Weeks Marine Const. Co., 338 F.3d 1276, 1280 (11th Cir. 2003) (recognizing that '[i]t is the general rule of [the Eleventh Circuit] to award pre-judgment interest in admiralty cases' (citation omitted)). A court may decline to award prejudgment interest only if 'there are "peculiar circumstances" that would make it inequitable for

Diveworx, Inc. v. M/Y Empire, et al.
Case No. 0:22-cv-60491-WPD
Motion for Default Judgment as to Defendant,
Kyle Jawan Moody

the losing party to be forced to pay prejudgment interest.' Noritake Co., 627 F.2d at 728 (citation omitted)." *Dolphin Cove Inn v. Vessel Olymplc Javelin*, No. 3:19-cv-1018-J-34JRK, 2020 U.S. Dist. LEXIS 247310, at *19 (M.D. Fla. Dec. 22, 2020).

Plaintiff is entitled to costs for the filing fee and service of process fee for service on Defendant Moody. "An entry of default judgment establishes Plaintiff as the prevailing party and Plaintiff is therefore entitled to recover costs under § 1920. *See Amadi v. Ace Homecare, LLC*, 2019 U.S. Dist. LEXIS 52375, 2019 WL 1392453, at *2 (M.D. Fla. Mar. 28, 2019) ('A plaintiff whose motion for default judgment has been granted is a prevailing party.') (citing *McMillan v. Masrtech Grp., Inc.*, 2014 U.S. Dist. LEXIS 120383, 2014 WL 4297905, at *6 (M.D. Fla. Aug. 28, 2014) (citation omitted))." *Maersk Line A/S v. Rapid Tow, Ltd. Liab. Co.*, No. 19-23585-Civ, 2019 U.S. Dist. LEXIS 215536, at *7 (S.D. Fla. Dec. 13, 2019), report and recommendation later adopted by the Court with said adoption referenced in the Default Final Judgment at *Maersk Line A/S v. Rapid Tow, LLC*, No. 19-23585-CIV-WILLIAMS, 2020 U.S. Dist. LEXIS 247837 (S.D. Fla. Jan. 8, 2020).

To the extent that entering a default judgment could provide an inconsistent judgment against the remaining Defendants and this Motion for Default Judgment is denied, Plaintiff respectfully requests that it be allowed to refile its Motion for Default after final disposition of this case. "Given the similarities in the factual allegations against the Defendants, the court finds *Island Stone Int'l Ltd.*, 2016 U.S. Dist. LEXIS 193544, 2016 WL 9488685, at *1, to be instructive. In *Island Stone Int'l Ltd.*, the court denied the plaintiffs' motion for default judgment because even if the defaulting defendant and the non-defaulting defendant did not have joint liability, the two defendants were so similarly situated that entering a default judgment against only one defendant

Diveworx, Inc. v. M/Y Empire, et al.
Case No. 0:22-cv-60491-WPD
Motion for Default Judgment as to Defendant,
Kyle Jawan Moody

raised the possibility of inconsistent judgments if the other defendant successfully defended against the plaintiff's claims. *See id.* Similar to the defendants in *Island Stone Int'l Ltd.*, the Court finds that the LiquidVPN Defendants are so similarly situated to the other Defendants that there is a risk of inconsistent judgments if the other Defendants were to succeed on the merits. Therefore, the risk of unnecessary judgments weighs in favor of denying Plaintiffs' Motion." *Millennium Funding, Inc. v. 1701 Mgmt. Ltd. Liab. Co.*, No. 21-cv-20862, 2021 U.S. Dist. LEXIS 222507, at *11-12 (S.D. Fla. Nov. 18, 2021). The Court denied the motion without prejudice and stated that the plaintiff could file an amended motion after final disposition of the case. *See, also, GEICO Gen. Ins. Co. v. Gonalez*, No. 20-21549-Civ-WILLIAMS/TORRES, 2020 U.S. Dist. LEXIS 142924 (S.D. Fla. Aug. 7, 2020)("And in a case like this one — where there are several defendants and at least one defendant has timely responded to the complaint — the standard practice is to withhold granting a default judgment until after the case has been resolved on the merits.")(report and recommendation adopted on Sept. 1, 2020, at DE 30, Case No. 1:20-cv-21549-KMW, Southern District of Florida).

## Local Rule 7.1(a)(3) Certification

Defendant, Kyle Jawan Moody, has not appeared in this action for undersigned counsel to confer with him or his counsel.

WHEREFORE, Plaintiff, DIVEWORX, INC., respectfully requests that this Court grant its Motion for Default Judgment as to Defendant, Kyle Jawan Moody, and for such other and further relief as the Court deems just a proper.

Respectfully submitted,
MCLEOD BROCK LAW, PLLC

12

          Diveworx, Inc. v. M/Y Empire, et al.
          Case No. 0:22-cv-60491-WPD
          Motion for Default Judgment as to Defendant,
          Kyle Jawan Moody

**LINDSEY C. BROCK III, ESQ.**
Fla. Bar #971669
Primary E-Mail: lindsey@mcleodbrock.com
Secondary E-Mail: jennifer@mcleodbrock.com
9995 Gate Parkway North, Ste. 400
Jacksonville, Florida 32246
(904) 996-1100 Office Telephone
(904) 996-1120 Facsimile
**Attorneys for Plaintiff, DIVEWORX INC.**

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 23rd day of June 2022, to the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF and by U.S. Mail Service, Federal Express, and Certified Mail where indicated.

          Respectfully submitted,
          MCLEOD BROCK LAW, PLLC

          _/s/ Lindsey C. Brock III_

          **LINDSEY C. BROCK III, ESQ.**
          Fla. Bar #971669
          Primary E-Mail: lindsey@mcleodbrock.com
          Secondary E-Mail: jennifer@mcleodbrock.com
          9995 Gate Parkway North, Ste. 400
          Jacksonville, Florida 32246
          (904) 996-1100 Office Telephone
          (904) 996-1120 Facsimile
          **Attorneys for Plaintiff, DIVEWORX INC.**

## SERVICE LIST
### Case No.: 0:22-cv-60491-WPD

Lindsey C. Brock III, Esq.
McLeod Brock Law, PLLC
Primary E-Mail: lindsey@mcleodbrock.com
Secondary E-Mail: jennifer@mcleodbrock.com
9995 Gate Parkway North, Ste. 400
Jacksonville, Florida 32246
Telephone: (904) 996-1100
Facsimile: (904) 996-1120
**Attorneys for Plaintiff, DIVEWORX INC.**

                                              Diveworx, Inc. v. M/Y Empire, et al.
                                              Case No. 0:22-cv-60491-WPD
                                              Motion for Default Judgment as to Defendant,
                                              Kyle Jawan Moody

Benjamin W. Dowers
Fla. Bar No.: 91401
bwd@guntherlegal.com
Gunther Legal, PLLC
1800 SE 10th Ave, Suite 200
Fort Lauderdale, FL 33316
954-556-1487
**Attorneys for Defendants LAND & SEA ENTERPRISES**
**OF SOUTH FLORIDA, INC. AND IEESH ELKOBI**

**VIA U.S. MAIL SERVICE,**
**FEDERAL EXPRESS,**
**& CERTIFIED MAIL/RETURN RECEIPT REQ.**
Kyle Jawan Moody
3543 SW 180th Way
Miramar, FL 33029